IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TROY BARBER, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| THEODORE JACKSON et al., | :: | CIVIL ACTION NO. |
| Defendants. | :: | 1:17-CV-3619-MHC-LTW |

## NON-FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at the Fulton County Jail in Atlanta, Georgia (the "Jail"). Plaintiff, pro se, seeks relief under 42 U.S.C. § 1983 for the alleged denial of his right to practice his religion at the Jail. (Doc. 1.) The Court granted Plaintiff leave to proceed *in forma pauperis* and now must screen his complaint.

**I.   The Screening Standard**

A federal court must screen a prisoner's complaint to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v.*

AO 72A
(Rev.8/82)

*Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). If the alleged facts do not state a claim for relief that is plausible on its face, the complaint must be dismissed. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

## II. Plaintiff's Allegations[1]

Plaintiff has been a Muslim his entire fifty-three year life. Plaintiff is a state prisoner who returned to the Jail in November 2016 after previous confinement there on multiple occasions. The Jail's records of Plaintiff's previous confinement reflect his Muslim religion.

When Plaintiff was booked into the Jail on November 29, 2016, he identified himself as a Muslim. Defendant Geneva Gooden was the Jail clerk who completed Plaintiff's booking process. Unbeknownst to Plaintiff at that time, Gooden made an "administrative clerical error" by listing Plaintiff as a "Christian" on Jail records. (Doc. 1 at 7.)

Two weeks before the month of Ramadan in 2017, Plaintiff wrote Defendant Jerry Conner, who is the Jail's Chaplain, and requested that he be placed on the list

---

[1] The factual allegations are taken from Plaintiff's complaint, liberally construed, and presumed true for purposes of the § 1915A screening. *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2011); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

of inmates who wish to observe and participate in the obligatory fast during Ramadan. A week passed without a response, so Plaintiff submitted another written request. On May 25, 2017, Conner returned the request to Plaintiff with a copy of Plaintiff's booking information from November 2016, which indicated that his religion was "Christian." (*Id.* at 5.) That is when Plaintiff learned of the booking error.

On May 26, 2017, Plaintiff filed a grievance explaining the error. Seventeen days later, he received a response stating that he was listed as Christian in the Jail's records and that he should submit an inmate request form to Conner for more information. Plaintiff promptly did so and told Conner he needed to speak with him immediately to correct the mistake in the Jail's records.

Conner spoke with Plaintiff on June 19, 2017, twenty-four days into Ramadan, and again told him that he was listed in the Jail's records as a Christian. Plaintiff again responded that he was a practicing Muslim and that an error had been made in the Jail's records. Conner told Plaintiff the decision to place an inmate on the Ramadan list was not solely Conner's decision, but also that of Defendant Sheriff Theodore Jackson.

Plaintiff asked Conner to check the records of Plaintiff's previous periods of confinement at the Jail to verify his assertion that he is Muslim. Conner refused to do

so, stating that he gets a lot of requests from inmates to participate in Ramadan and researching Jail records would take too much time. But Conner told Plaintiff that if he wanted his religious status changed to Muslim after Ramadan ended, he could write Conner at that time and Conner would change the status in the Jail's computer system. Conner also refuses to issue any type of Islamic material to inmates.

Conner's actions prevented Plaintiff from participating in: the appropriate fasting that is obligatory for Muslims during Ramadan; Jumu'ah services; and Eid al-Fitr, which is the Muslim celebration marking the end of Ramadan. Plaintiff was forced to hold his food for hours each day during Ramadan and eat it cold, which caused him digestive problems, severe constipation, and rectal bleeding.

Plaintiff named Jackson (the sheriff), Conner (the chaplain), and Gooden (the booking clerk) as Defendants. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief, from all Defendants.

**III.  Analysis**

"Inmates clearly retain protections afforded by the First Amendment [to the U.S. Constitution], including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). To state a viable claim under the First Amendment's Free Exercise Clause, an inmate must allege facts

plausibly showing "that the government has impermissibly burdened one of his sincerely held religious beliefs." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1294 (11th Cir. 2007) (quotation marks omitted). The reasonableness standard set out in *Turner v. Safley*, 482 U.S. 78 (1987) is used to determine whether the challenged action impermissibly burdened the inmate's religious beliefs. *O'Lone*, 482 U.S. at 349-50; *Hathcock v. Cohen*, 287 F. App'x 793, 799 (11th Cir. 2008) ("[I]nmates retain the right to free exercise of religion subject to prison regulation consistent with the *Turner* reasonableness standard.").

Under *Turner*, a jail officials actions that impinge on an inmate's constitutional right to practice his religion are permissible if they are "reasonably related to legitimate penological interests." *See Turner*, 482 U.S. at 89. The following factors are relevant in determining the reasonableness of the challenged action: (1) whether there is a valid, rational connection between the action and the legitimate governmental interest that justifies it; (2) whether alternative means of exercising the constitutional right remain open to the inmate; (3) the impact accommodation of the asserted constitutional right will have on guards, other inmates, and the allocation of jail resources generally; and (4) whether there are ready alternatives to the challenged action that show that it is an exaggerated response to jail concerns. *Id.* at 89-90.

Plaintiff has stated a viable claim that Conner, the Jail's chaplain, impermissibly burdened Plaintiff's right to practice his Muslim religion by unreasonably denying Plaintiff participation in Ramadan. Plaintiff alleged that although he told Conner on multiple occasions that he was a lifelong Muslim and that the Jail's records stated otherwise only because of a clerical error, Conner refused to take any steps to correct the error until after Ramadan – an important month for Muslims – had passed. Plaintiff alleged that he told Conner that the Jail's records of his prior confinement would confirm his Muslim religion, but Conner refused to check the records simply because he thought it would take too much time.

Plaintiff's allegations support a plausible finding that Conner was indifferent to Plaintiff's Muslim faith and his repeated requests to participate in Ramadan with other Jail inmates. The allegations support a plausible finding that Conner unreasonably refused, without a legitimate reason, to take simple steps that would have enabled Plaintiff to practice his religion, thus preventing such practice and causing Plaintiff harm. The allegation that Conner categorically refused to give inmates Islamic material further supports Plaintiff's claim.

Plaintiff has not stated a viable claim against the other Defendants. Plaintiff named Gooden as a Defendant only because she allegedly made an "administrative

clerical error" in listing Plaintiff as a Christian in the Jail's records during the booking process. (Doc. 1 at 7.) That allegation does not support a plausible finding that Gooden violated the Constitution. *See Bailey v. Bd. of Cty. Comm'rs*, 956 F.2d 1112, 1121 n.8 (11th Cir. 1992) ("Negligent acts do not give rise to § 1983 liability.").

The only allegations regarding Defendant Jackson is that he is the sheriff and Conner said that he participates in the decision whether to place inmates on the Ramadan list. There are not any allegations that Jackson was personally involved with Plaintiff's requests, though, all of which went to Conner and were answered by Conner. It was only Conner who allegedly knew of and refused to correct the records error and refused to grant Plaintiff's pleas to participate in Ramadan. While Jackson may be a supervisory official responsible for all Jail operations, he "may not be sued under § 1983 for an injury inflicted solely by [his] employees or agents," i.e., he cannot be held vicariously liable for other persons' constitutional violations. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The complaint does not state a viable claim against Jackson.

AO 72A
(Rev.8/82)

## IV. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's First Amendment Free Exercise claim be **ALLOWED TO PROCEED** against Defendant Jerry Conner and that all other Defendants be **DISMISSED**.

**SO RECOMMENDED**, this __3__ day of __October__, 2017.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)